### J. H. Hundley, Appellee, v. John O. Coen, Appellant.

JUDGMENTS—*what not final.* While the judgment after issue upon plea in abatement resolved for the plaintiff is *quod recuperet*, yet such judgment is not final; there must be proof of damages before a final judgment for damages can be recovered.

Action commenced before justice of the peace.  Appeal from the Circuit Court of Richland county; the Hon. J. R. CREIGHTON, Judge, presiding.  Heard in this court at the October term, 1909.  Reversed and remanded.  Opinion filed February 11, 1910.

HOMER C. COEN, for appellant.

H. G. MORRIS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

In an action brought by appellee against appellant before a police magistrate to recover damages claimed for baling hay, appellant filed a sworn plea of nonjoinder of defendants alleging that if anyone was liable that one Francis J. Coen was jointly liable with appellant.  From a judgment rendered by the magistrate in favor of appellee the cause was appealed to the Circuit Court  There was a trial by the court and a judgment in favor of appellee against appellant for the sum of $132.65, damages for labor and for costs and also for the sum of $10 attorney's fee to be taxed as costs.

By the fourth assignment of error it is assigned that

the court erred in assessing damages against appellant on the merits without hearing any evidence to sustain appellee's claim or to show his right to recover.

We have examined the record and find no evidence to support the judgment for the damages assessed. Substantially all the evidence introduced was upon the issue made by the sworn plea of appellant. There is some evidence that appellant offered appellee $100 by way of a compromise claiming that while he owed for baling hay appellee owed him for destroying some hay, but there is no evidence in the record to support the judgment for the amount rendered.

In an action sounding in damages in a case like this, the judgment for plaintiff on the issue made by a plea in abatement is *quod recuperet,* but the judgment is not final but only interlocutory and there must be proof of damages before a final judgment for damages can be recovered.

"It is well settled that in ordinary actions at law in courts of record, the judgment on the finding of the issue for the plaintiff upon a plea in abatement is interlocutory or final according to the nature of the action. If the action be for damages in *assumpsit* or in tort, it is interlocutory. But if it be in debt for a sum certain or for a specific recovery of lands or goods, it is final." Steele v. Grand Trunk Junction Ry. Co., 20 Ill. App. 368.

We assume the court found against the appellee on his plea, and in this there was no error, but the court should have required evidence to support the judgment for damages.

We are of opinion also that appellee was not entitled to the allowance for an attorney's fee for wages as laborer or servant, also assigned for error. The evidence did not bring him within the class entitled to the allowance of an attorney's fee.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*